UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,     )
                              )
          Plaintiff,          )
                              )
     v.                       )     Case No. 8:05CR452
                              )
TERRI LYNN SNODDY,            )
                              )
          Defendant.          )
```

## O R D E R

Before the Court is the Government's Motion in Limine [Doc. #20] which seeks to exclude at trial "any theory, or evidence, or testimony regarding the defendant's supposed 'innocent possession' or 'justification' for the possession of the firearm specified in the Indictment." For the reasons that follow, the motion will be denied at this time.

### BACKGROUND

On November 4, 2005, the Omaha Police 911 center took a call from William Sones, regarding a disturbance inside his home at 4527 N. 22nd. Officers were dispatched and arrived shortly thereafter. Sones made a second call to 911 just before the officers arrived.

When the officers arrived, they could hear a man and a woman arguing in the living room. The front door was open, with the storm door closed. When they entered, they observed Sones standing just inside the front doorway, while Defendant was observed walking toward the officers from the rear of the room, carrying a handgun upside down by the barrel with two fingers. As an officer took possession of the gun, Defendant said she intended to give it to the police as it was Sones's stolen gun. A police check revealed

the weapon was unregistered.

Sones identified himself as Defendant's estranged husband, and he indicated that Defendant had never lived at that residence, that she did not have permission to be there, and that she had somehow entered the residence through a locked rear door while he was showering after work.  He said that, after he called 911, Defendant started digging around in her purse, saying she was going to get her gun and shoot him.  Police arrived moments later.  He did not actually see a gun until the officers saw it.  Defendant's purse contents were strewn across the couch, she was intoxicated, and there were no visible injuries on either person.

When questioned, Defendant indicated she had found the rear door open and so she had just walked in.  Sones had begun an argument with her, threw her to the ground, pulled out a gun and stuck it to the side of her head, and then hid the gun beside the couch just before police arrived.  She denied having a key, but a key to the door was found in her jacket pocket. She told the officer she had retrieved the gun from the ground by the couch.

Sones later recanted his statements to the officers in a sworn affidavit.  In this affidavit, Sones states that Defendant did not bring a gun to his residence, that she did not remove a gun from her purse, that she was not aware there was a gun in the residence, and that she did not threaten him with the gun in question. Further, defense counsel represents the evidence will show that Defendant held the weapon in question for "a matter of seconds," and that she handed it directly to the officers after she retrieved it from the couch.

2

## ANALYSIS

The Eighth Circuit has never specifically recognized innocent possession as a valid defense to a section 922(g) crime, nor have they specifically rejected it.  See United States v. Montgomery, 444 F.3d 1023, 1026 (8th Cir. 2005) (district court did not abuse its discretion by not giving innocent or transitory possession jury instruction where factual predicate for the instruction was not established).  However, other circuits have reached opposite conclusions on this issue.

In United States v. Mason, 233 F.3d 619, 621 (D.C. Cir. 2000), the court found that "in appropriate circumstances, a defense of *innocent possession* may be asserted in a criminal prosecution that rests on a charged violation of § 922(g)(1)."  In that case, the defendant came upon a paper bag containing a gun with ammunition while delivering drinking water for his employer.  He took the bag with him on his route because the bag was found near a school with a lot of children outside.  The defendant continued to his next delivery route stop--the Library of Congress--where he intended to turn the gun over to a police officer who was stationed there.  The defendant was arrested when an officer noticed the gun protruding from his waistband.  In that case, the court found the defendant was not entitled to a justification defense because he could not show there was an imminent threat of death or bodily injury, however, the court found that there was an adequate record to warrant submission of an innocent possession instruction to the jury.  Id. at 625.  In so doing, the court noted that the defendant would have to establish two elements to prove the defense: (1) that

3

the firearm was attained innocently and held with no illicit purpose; and (2) that the possession of the firearm was transitory--in light of the circumstances presented there was a good basis to find that the defendant took adequate measures to rid himself of the firearm as promptly as reasonably possible.  Id. at 624.

In United States v. Gilbert, 430 F.3d 215 (4th Cir. 2005), the Fourth Circuit refused to recognize an innocent possession defense to a § 922(g)(1) charge outside of a justification defense.  In United States v. Hendricks, 319 F.3d 993 (7th Cir. 2003), in finding that the district court had not erred in failing to give an innocent possession instruction, the Seventh Circuit noted "we previously have limited an 'innocent possession' defense to a § 922(g)(1) charge to situations in which the elements of a justification defense . . . are present." Id. at 1007.

In United States v. Teemer, 394 F.3d 59 (1st Cir. 2005), the court affirmed a district court's decision not to give the following  jury instruction:

> Evidence may be presented to you regarding transitory possession.  The evidence may tend to show that the Defendant was touching the firearm merely to move it out of his way. You are instructed that if a person has possession of a firearm under certain circumstances which indicate that he did not have the intent to do the acts which constitute the possession of a firearm, that person would not be guilty of the offense charged. If the actual possession of the firearm by the Defendant was fleeting without the intent to exercise control, then this defense is applicable. This defense is based upon the definitions of actual and constructive possession, which I gave you earlier. If you find beyond a reasonable doubt that the Defendant did not have the specific intent to have a possessory interest in the firearm and that he did have a "transitory" possession of the firearm, then you must find him not guilty.

<u>Id.</u> at 62.  Instead, the district court gave a standard "possession" instruction.  In affirming the district court's decision, the appellate court concluded the proposed jury instruction was overbroad.  <u>Id.</u> at 63.  Still, the court noted that "[t]his does not mean that brevity or any other circumstance must be ignored by a jury in gauging whether intentional possession occurred--merely that brevity alone does not preclude conviction."  <u>Id.</u>  In essence, the court in that case decided that whether transitory or fleeting possession of a firearm was sufficient to satisfy the "possession" element of a section 922 charge should be left to the discretion of the jury.

In the case at hand, the facts when viewed most favorably to the Defendant suggest (1) that Defendant had contact with the gun at issue for an extremely brief period of time, and (2) that she relinquished the weapon to the police officers as quickly as possible.  Because there is no evidence of an imminent threat of death or bodily injury at the time Defendant took possession of the weapon, a justification defense is not available to her.  Still, under the circumstances alleged by the Defendant, it would seem debatable whether her conduct should be criminalized.

Accepting that there is a very limited set of circumstances under which a felon could have intentional physical contact with a gun and yet not be held criminally responsible, the Court finds that recognition of an innocent or transitory possession defense is unnecessary.  Eighth Circuit Model Jury Instruction 8.02 states:

> The law recognizes several kinds of possession.  A person may have actual possession or constructive possession.  A person may have sole or joint possession.
>
> **A person who knowingly has direct physical control over**

5

> **a thing**, at a given time, is then in actual possession of it.
>
> A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.
>
> If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.
>
> Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

Eighth Circuit Manual of Model Jury Instructions Criminal Instruction No. 8.02 (2005)(emphasis added). This instruction does not preclude a jury from finding that a person who has had physical contact with a firearm for an extremely limited period of time, did not "possess" the weapon, because the instruction requires knowing "direct physical **control**" over the firearm.

In summary, the Court will not give the proposed innocent possession instruction, however, the Court will allow Defendant to argue that her contact with the firearm was so *de minimis* that she did not exercise direct physical control over it. See United States v. Teemer, 394 F.3d at 65 (stating "[a]ssuming that [the defendant] moved the gun to sit down and did nothing else . . . we think that the jury was still entitled--but not required–to conclude that he had broken the law" in refusing to "craft a mandatory safe harbor" defense of innocent or transitory possession). But see Hendricks, 319 F.3d at 1005 ("[w]hen a felon holds a firearm, he is in possession of the firearm, and any distinction between the two would be purely academic, in the sense

6

of theoretical (existing only in concept and not in reality).").

## CONCLUSION

IT IS THEREFORE ORDERED that Government's Motion in Limine [Doc. #20] is granted in part and denied in part.  Defendant's distinct defense of innocent possession is rejected, however, the Court will allow Defendant to present evidence in support of an argument that her contact with the firearm was so *de minimis* that she did not exercise direct physical control over it.

Entered this  9th  day of June, 2006.


                                    s/ Joe B. McDade
                                 JOE BILLY McDADE
                              United States District Judge

7